The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: July 1 2025

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 23-31595 |
| Michael V. Nolan, | Chapter 7 |
| Debtor. | Adv. Pro. No. 23-03056 |
| Paul Nolan | Judge John P. Gustafson |
| Plaintiff, | |
| v. | |
| Michael V. Nolan, | |
| Defendant. | |

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE SUPPLEMENTAL OR AMENDED COMPLAINT</u>**

This Adversary Proceeding is before the court on Plaintiff Paul Nolan's ("Plaintiff") Amended Motion for Leave to File Supplemental or Amended Complaint ("Amended Motion") [Doc. #34], and Defendant-Debtor Michael V. Nolan's ("Defendant-Debtor") Memorandum in Opposition to Plaintiff's Amended Motion for Leave to File Supplemental or Amended Complaint [Doc. #37]. In the Amended Motion, Plaintiff seeks to (1) supplement the Complaint [Doc. #1] to include an assignment of claims per Federal Rule of Civil Procedure 15(d); and/or (2) amend the original Complaint to add certain parties. [Doc. #34, pp. 3-4, 6].

The court has jurisdiction over Defendant-Debtor's underlying Chapter 7 case and this adversary proceeding pursuant to 28 U.S.C. §§1334, 157(a), and Local General Order 2012–7 of the United States District Court for the Northern District of Ohio. Actions to determine dischargeability are core proceedings that this court may hear and determine. 28 U.S.C. §§157(b)(1) and (b)(2)(I).

For the following reasons, Plaintiff's Amended Motion will be granted in part and denied in part.

**FACTUAL BACKGROUND**

On September 6, 2023, Defendant-Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing Bankruptcy Case No. 23-31595. *See*, [Case No. 23-31595, Doc. #1]. On that same date, the court established January 1, 2024 as the statutory deadline for filing complaints objecting to discharge or dischargeability. [*Id.*, Doc. #3].[1] This deadline appears to have been reiterated in Official Form 309A issued on September 8, 2023. [*Id.*, Doc. #7]. The

---

[1] By Rule, the period for filing a Complaint was extended to January 2, 2024 based upon Federal Rule of Bankruptcy Procedure 9006(a)(2)(C), because January 1st is defined as a legal holiday [Rule 9006(a)(6)(A)], and January 2, 2024 was not a legal holiday or weekend.

2

meeting of creditors was first set for November 2, 2023. [*Id.*, Doc. #3].

Debtor listed Paul Nolan as a creditor on the creditor Matrix and on Schedule E/F. [Doc. #1, pp. 37 & 87]. However, Tonya Nolan, Nolan Consulting LLC, and Nolan Mgmt. Group, LLC were not listed. [*Id.*, Doc. #1, pp. 82-90; Doc. #17].

On December 28, 2023, three days before the expiration of the filing deadline under Federal Rules of Bankruptcy Procedure [2] 4004(a) and 4007(c), Plaintiff filed an adversary complaint seeking to hold certain debts nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6), (a)(19), and to deny discharge under §727(a)(2). *See*, [Doc. #1].[3] The Debtor timely filed an Answer to Plaintiff's Complaint. [Doc. #8].

On February 6, 2024, the court entered a scheduling order requiring discovery to be completed by June 10, 2024. [Doc. #5].[4] It appears that in the ensuing months the parties conducted substantial discovery. [Doc. #34, p. 3; Doc. #37, pp. 2-3]. Defendant-Debtor asserts that he responded to 28 discovery requests, including 6 interrogatories and 22 requests for production of documents, ultimately producing "18,803 bates numbered documents." [Doc. #24-1, pp. 1-2]. The Defendant-Debtor's wife was also subpoenaed and produced an additional "6,675 bates numbered documents." [*Id.*]. Plaintiff produced five documents totaling 2,711 pages. [*Id.*]. Both parties were deposed. [*Id.*].

On or about March 7, 2024, there was an assignment of claims "by and between Tonya

---

2/ Hereinafter generally cited as "Rule".

3/ Citations to the record in the Adversary Proceeding will not include the Adversary Case Number. Citations to the record in the main Chapter 7 case will start with the Chapter 7 bankruptcy case number.

4/ The discovery deadline was later extended to November 30, 2024. [Docs. ##18, 19].

3

Nolan and Nolan Consulting, LLC" to Paul Nolan. [23-31595, Claim No. 13-2]. As part of his response to the Debtor's objection to the claim, Paul Nolan stated: "Claimant [Paul Nolan] maintained full control over the disbursement of funds to Debtor at all times, regardless of the source." [*Id*., Doc. #67-4, p. 4]. The response further lists transfers that were from a "marital account" that he "authorized" Tonya Nolan to transfer. [*Id*., p. 3]. To date, it appears that Plaintiff's counsel is representing the proposed additional plaintiffs, as there has been no indication of separate counsel entering an appearance or being served. [Doc. #22, p. 3; Doc. #34, pp. 12-13]. Counsel for Plaintiff was listed on the Matrix when the Petition was filed. [23-31595, Doc. #1, p. 83]. There appears to be no question that all of the additional plaintiffs that the Amended Motion seeks to add were fully aware of the Chapter 7 case by no later than March 7, 2024.

On October 30, 2024, just over 10 months after the commencement of this adversary proceeding and 237 days after filing Amended Claim 13-2, Plaintiff filed a Motion for Leave to File First Amended Complaint seeking to add new plaintiffs, including Tonya Nolan, Nolan Consulting LLC, and Nolan Mgmt. Group, LLC. [Doc. #22]. Plaintiff initially framed his Motion for Leave to Amend as one seeking to "add Nolan Consulting, LLC as a Party Plaintiff and to make other substantive changes to conform the evidence adduced during discovery." [Doc. #22, p. 2]. Defendant-Debtor opposed the Motion for Leave, arguing it would necessitate reopening discovery, issuing new written discovery, and conducting additional depositions. [Doc. #34, p. 11]. However, during a pretrial hearing on March 20, 2025, the court granted Plaintiff leave to file an Amended Motion for Leave. [Doc. #31].

4

On April 4, 2025, Plaintiff filed an Amended Motion for Leave to File Supplemental or Amended Complaint. [Doc. #34]. Defendant-Debtor filed a Memorandum in Opposition to Plaintiff's Amended Motion to for Leave to File Supplemental or Amended Complaint on April 18, 2025. [Doc. #37].

Plaintiff – who is the managing member of both Nolan Consulting LLC and Nolan Mgmt. Group LLC, and husband of Tonya Nolan – has already been deposed and responded to written discovery. [Doc. #34, p. 3].

Further, on February 4, 2025, the Defendant-Debtor filed an objection to Plaintiff's proof of claim (Claim No. 13-1). Notably, although Nolan Consulting LLC claims to operate in Ohio, it is asserted that the LLC is not registered with the Ohio Secretary of State as required by R.C. §1706.511(A).

Defendant responded by pointing out that the deadline for denial of discharge and actions seeking a determination of dischargeability have passed, and Nolan Consulting, LLC did not file any action against Debtor-Defendant Michael V. Nolan prior to those deadlines. Moreover, Plaintiff knew the entities he used in the transactions with Defendant-Debtor, or those entities themselves knew, and they cannot skirt the deadline for filing actions to deny discharge or determine dischargeability through an amendment to the Complaint.

In the Amended Motion for leave, Plaintiff attaches two exhibits – an Exhibit A (Supplemental Complaint to Determine Non-Dischargeability of Debt) [Doc. #34-2] and Exhibit B (First Amended Complaint to Determine Non-Dischargeability of Debt) [Doc. #34-3].[5]

These proposed Complaints (the "Supplemental Complaint" and the "Amended

---

5/ Both Exhibits list the wrong judge in the caption.

5

Complaint") would add the following Plaintiffs: Tonya Nolan (wife of Paul Nolan), Nolan Consulting, LLC, and Nolan Mgmt. Group, LLC. [Doc. #34-2, ₱₱3-5; and Doc. #34-3, ₱₱3-5].

## DISCUSSION

**A. Adding Plaintiffs Objecting to Discharge Under Section 727(a)(2).**

"Section 727(a) of the Code requires the court to grant a discharge to an individual debtor in a case under chapter 7 unless one of the specific disqualifications under section 727(a) has been established." 4 Collier on Bankruptcy, ₱523.02[a] at 523-15 (16th ed. 2023). Plaintiff's original Complaint asserted that the Debtor's discharge should be denied under Section 727(a)(2). It is unclear why adding additional Plaintiffs to the denial of discharge count of the original Complaint would alter anything in connection with the relief requested.

There can be no question that the potential additional Plaintiffs could not, at this time, bring an action to deny discharge on their own.

Rule 4004(a) provides that, "[i]n a chapter 7 case, a complaint ... objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." As the Supreme Court has held, Rule 4004 is a "claim processing rule" and not "jurisdictional". *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 915, 157 Led.2d 867 (2004)(raising the affirmative defense of untimeliness under Rule 4004 only after a merits determination by the bankruptcy court did not divest the bankruptcy court of jurisdiction).

Rule 4004(b)(1) provides that "[o]n motion of a party in interest, ... the court may for cause extend the time fixed under this subdivision," but "[t]he motion shall be filed before the time has expired." *See*, *In re Sklar*, 626 B.R. 750, 768 (Bankr. S.D.N.Y. 2021). Courts have held that the

6

applicable standards under these Rules are generally interchangeable in determining whether an extension is warranted. *See*, *In re Riggs*, No. 22-30575, 2023 WL 1998547, at *4 (Bankr. N.D. Ohio Feb. 14, 2023)(citing *In re Motil*, 2022 WL 2761042 at *1, 2022 Bankr. LEXIS 1938 at *4 (collecting cases noting the standards are the same).

Rule 4004(b)(2) provides a narrow exception permitting a motion to extend the time to object to discharge to be filed after the time has expired, but only if the movant lacked timely knowledge of facts that would provide a basis for an objection under §727(d). Specifically, Rule 4004(b)(2) allows for such a motion only where:

(A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and

(B) the movant did not have knowledge of those facts in time to permit an objection.

In such cases, the motion must be filed promptly after discovery of the new facts. *See*, *In re Riggs*, 2023 WL 1998547, at *3 (citing *In re Luckey*, 2019 WL 1028905 at *2, 2019 Bankr. LEXIS 645 at *4 (Bankr. N.D. Ohio Mar. 4, 2019)(Whipple, J.)("[C]ause is to be narrowly construed to promote prompt resolution of the case and the debtor's fresh start."); *see also*, *In re Sheppard*, 532 B.R. 672, 676 (6th Cir. BAP 2015); *McDermott v. St. George* (*In re St. George*), 2017 WL 1379321 at *4, 2017 Bankr. LEXIS 1065 at *8 (6th Cir. BAP Apr. 17, 2017).

Courts have also looked to Rule 9006(b)(3) in interpreting Rule 4004(b). "Reinforcing Rule 4004(b)'s restriction on extension of the Rule 4004(a) deadline, Rule 9006(b)(3) allows enlargement of 'the time for taking action' under Rule 4004(a) 'only to the extent and under the conditions stated in [that rule],' *i.e.*, only as permitted by Rule 4004(b)." *Kontrick*, 540 U.S. at

448, 124 S.Ct. at 911.

Rules 4004(a) and (b) and 9006(b)(3) serve three primary purposes:

First, they inform the pleader, *i.e*., the objecting creditor, of the time he has to file a complaint. Second, they instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements. Third, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits.

*Kontrick*, 540 U.S. at 448, 124 S.Ct. at 911.

Unlike in *Kontrick*, Defendant-Debtor has timely raised the affirmative defense of untimeliness under Rule 4004(a).

Moreover, in this case Plaintiff has admitted that there are "no new facts or issues . . . if Plaintiffs' Original Complaint was supplemented with the Assignment of Claims or amended to include Tonya Nolan, Nolan Consulting, LLC or Nolan Mgmt. Group, LLC as party plaintiffs." [Doc. #34, p. 11]. This admission appears to eliminate any potential reliance on Rule 4004(b)(2)'s narrow exception. There has been no showing that any of the proposed new plaintiffs lacked knowledge of discharge-related facts prior to the expiration of the deadline, nor that any newly asserted claim rests on previously undiscoverable information.

Even assuming there were new facts relating to denial of discharge under Section 727(a)(2) - which has not been pleaded or shown - there appears to be no "cause" to allow additional Plaintiffs to assert claims under Section 727(a)(2). There is only one discharge. If that discharge is denied, all creditors of the Defendant-Debtor would have the validity of their debts preserved unaltered by this bankruptcy proceeding.

The language of Section 727(a)(2) makes it clear that a single Plaintiff has the same ability to obtain relief, without adding additional parties. The statute provides for denial of discharge if:

> (2) the debtor, with intent to hinder, delay, or defraud **a creditor** or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>
> > (A) property of the debtor, within one year before the date of the filing of the petition; or
> >
> > (B) property of the estate, after the date of the filing of the petition;

The use of the term "a creditor" in the statute means that neither the action nor the "intent" needs to be directed specifically at the Plaintiff. A showing that the elements are met as to any creditor will support denial of discharge, regardless of whether that creditor is a named Plaintiff. In addition to the plain language of the statute, the court also notes that Chapter 7 trustees do bring actions under Section 727(a)(2) on behalf of all creditors, even though they were not an injured party. *See e.g.*, *In re Pearson*, 2014 WL 3051211, 2014 Bankr. LEXIS (Bankr. D. Utah July 3, 2014); *In re McGuire*, 459 B.R. 348 (Bankr. N.D. Ill. 2011). The fact that the original Plaintiff can pursue the denial of discharge action without adding any additional parties to that claim provides the court with no reason to depart from the clear deadline set by Rule 4004(a)(1).

Federal Rule of Bankruptcy Procedure 7015, making Federal Rule of Civil Procedure 15 applicable in bankruptcy cases, does not mandate a different result. The relation back of amendments is governed by Fed. R. Civ. P. 15(c)(1)(A), which provides: "An amendment to a pleading relates back to the date of the original pleading when: (A) the law provides the applicable

9

statute of limitations allows relation back;". There is no such provision in Rule 4004 allowing relation back. Further, this is not an amendment seeking to add grounds for relief, it is seeking to add parties, taking it out of the scope of Fed. R. Civ. P. 15(c)(1)(B). General provisions (like those of Fed. R. Civ. P. 15 must yield to specific prohibitions (like the deadline set forth in Rule 4004(a)(1)). *Cf.*, *Law v. Siegel*, 571 U.S. 415, 421, 134 S.Ct. 1188, 1194, 188 L.Ed.146 (2014)("Section 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere.").

Accordingly, the Amended Motion to Amend to add parties to the action seeking denial of Debtor's discharge will be denied.

### B. Adding Plaintiffs Seeking Non-Dischargeability And Claims Under Sections 523(a)(2), (a)(4) and (a)(6).

Adding Plaintiffs seeking non-dischargeability of their debts presents another side of the same coin. These additional parties could not seek to have their debts held non-dischargeable in a separate action at this late date, because of the deadline imposed by Rule 4007(c).

Bankruptcy Rule 4007(c) provides:

[A] complaint to determine the dischargeability of a debt under §523(c) **shall** be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). (emphasis added)

As numerous courts have noted, the word "shall" means "must" - it is mandatory, depriving

10

a court of discretion. *See e.g.*, *Bufkin v. Collins*, 604 U.S. ___, ___, 145 S.Ct. 728, 737, 221 L.Ed.2d 192, 205 (2025)("It is undisputed that the word "shall" imposes a mandatory command. *Shapiro v. McManus*, 577 U.S. 39, 43, 136 S.Ct. 450, 193 L.Ed.2d 279 (2015). "Shall" means "must." *Kingdomware Technologies, Inc. v. United States*, 579 U.S. 162, 171–172, 136 S.Ct. 1969, 195 L.Ed.2d 334 (2016)."); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S.Ct. 2061, 2071, 153 L.Ed.2d 106 (2002), citing, *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S.Ct. 956, 962, 140 L.Ed.2d 62 (1998) ("[T]he mandatory 'shall,' ... normally creates an obligation impervious to judicial discretion").

While Federal Rule of Bankruptcy Procedure 9006(b)(1)(B) sets forth a general rule permitting extensions of time based upon "excusable neglect", exceptions to that general rule are listed in subsections (2) and (3). Specifically, Rule 9006(b)(3) explicitly excepts Rule 4007(c) from the "excusable neglect" standard and allows extensions of time "only as permitted by" the rule itself. *See*, Fed. R. Bankr. P. 9006(b)(3); *In re Delloso*, 2022 WL 879230 at *4, 2022 Bankr. LEXIS 741 at **9-10 (Bankr. D. Del. March 24, 2022); *aff'd*, *In re Delloso*, 72 F.4th 532, 540-541 (3rd Cir. 2023).

In this case, the first date set for the meeting of creditors was November 2, 2023 [Case No. 23-31595, Doc. #20]. Sixty days from that date falls on January 1, 2024. Accordingly, the deadline for filing a complaint under Rule 4007(c) was January 2, 2024.[6]

The reference to Section 523(c) makes Rule 4007(c) applicable to the paragraphs of Section 523(a) listed in the Rule. At present, there are three subsections of 523(a) listed in 523(c): §§523(a)(2), (a)(4) and (a)(6). Specifically, §523(c) states: "the debtor shall be discharged from

---

6/ *Supra*, note 1.

11

a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."

While Rule 4007(c) allows the court to extend the deadline "for cause," any motion to extend must be filed before the expiration of the 60-day period.

> The deadline set forth in Rule 4007(c) is reinforced by Rule 9006(b)(3), which directs in material part that "[t]he court may enlarge the time for taking action under Rule[ ] ... 4007(c) ... only to the extent and under the conditions stated in [that] rule[ ]." Fed. R. Bankr. P. 9006(b)(3); *see also Federal Deposit Ins. Corp. v. Kirsch (In re Kirsch)*, 65 B.R. 297, 300 (Bankr.N.D.Ill.1986) ("The deadline fixed by Rule 4007(c) is set in stone by Rule 9006(b)(3). The latter rule makes it clear that the Rule 4007(c) time can only be extended by motion filed before the Rule 4007(c) time expires.").

*In re Lufkin*, 256 B.R. 876, 879 (Bankr. E.D. Tenn. 2000)(footnotes omitted).

As the Supreme Court recently reaffirmed, a chief purpose of the bankruptcy laws is to secure a prompt and effectual resolution of bankruptcy cases. *Taggart v. Lorenzen*, 587 U.S. 554, 564, 139 S.Ct. 1795, 1803, 204 L.Ed.2d 129 (2019). In upholding the deadline associated with proof of claim objections, the Supreme Court stated: "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992).

Collier on Bankruptcy[7] describes the scope and effect of the Rule 4007(c) deadline as follows:

> Once the deadline has passed, a creditor may not evade it by seeking to inject the

---

7/ The Supreme Court has described Collier on Bankruptcy as a "leading treatise". *See e.g.*, *Bullard v. Blue Hills Bank*, 575 U.S. 496, 505, 135 S.Ct. 1686, 1694, 191 L.Ed.2d 621 (2015).

issue into an ongoing adversary proceeding or by seeking to intervene in another creditor's dischargeability proceeding. Nor may a creditor amend a dischargeability complaint or a complaint objecting to discharge to allege new grounds for finding a debt nondischargeable once the deadline has expired or to allege that different debts are nondischargeable. Similarly, a creditor may not amend a timely complaint to add different debtors as defendants after the deadline has run in those debtors' cases.

9A Collier on Bankruptcy, ¶4007.04[1][a] (16th ed. 2025).

Against these specific limitations and prohibitions, Plaintiff cites Federal Rule of Civil Procedure 15(c), made applicable in this Adversary Case by Federal Rule of Bankruptcy Procedure 7015:

> (c) Relation Back of Amendments.
>
>> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>>
>>> (A) the law that provides the applicable statute of limitations allows relation back;

F.R.Civ.P. 15(c).[8]

"[T]he grant or denial of an opportunity to amend is within the discretion of the ... Court." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The Sixth Circuit has specifically held that "an amendment adding another party is a new cause of action which cannot be added after the time limitation has expired." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973), *citing*, *United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Co.*, 359 F.2d 521 (6th Cir. 1966); *Asher v. Unarco Material*

---

8/ It has been held that "Rule 15(a)'s 'matter of course' right to amend does not exempt a creditor from complying with Rule 4007(c)'s deadline." *In re Saenz*, 516 B.R. 423, 428 (Bankr. S.D. Tex. 2014). Of course, that "matter of course" right only extends for 21 days after service - which had long expired prior to Plaintiff's Motion.

23-03056-jpg    Doc 41    FILED 07/01/25    ENTERED 07/01/25 15:46:20    Page 13 of 19

*Handling, Inc.*, 596 F.3d 313, 318 (6th Cir.2010)("the type of 'changes' permitted [by Rule 15(c)] are limited to corrections of misnomers or misdescriptions" and "the precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'"); *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991). The *Asher* decision makes it clear that this rule applies to the addition of Plaintiffs. *Asher*, 596 F.3d at 317-319.

Plaintiff seeks to add three additional Plaintiffs: Tonya Nolan, Nolan Consulting LLC, and Nolan Mgmt. Group, LLC. Two of those proposed additional Plaintiffs, Tonya Nolan and Nolan Mgmt. Group, LLC, were not mentioned in the original Complaint. To the extent the Complaint was inaccurate, and funds asserted to have been invested by Paul Nolan (through Nolan Consulting, LLC) were actual investments by Tonya Nolan and/or Nolan Consulting, LLC, claims by those parties could not be brought today because they are time barred under Rule 4007(c). These untimely Plaintiffs cannot "ride piggyback on the claims of" of a timely Plaintiff. *Asher*, 596 F.3d at 318.

Further, while a change in the basis for recovery – such as adding a reference to a new subsection of Section 523(a) to a Complaint - will generally relate back, changes to the facts do not enjoy that presumption. The original Motion for leave to amend stated, that in addition to adding parties, the Amended Complaint: "makes other substantive changes to the facts." [Doc. #22, p. 2].

Plaintiff relies on *Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1044

(9th Cir. 2015) as a basis for allowing the proposed amendment under Federal Rule of Civil Procedure 15(d). However, it does not appear that the cited non-precedential decision involved a bar date.

Also supporting this decision is the delay in seeking the amendment – 10 months had passed before an amendment was first sought, and Plaintiff has not alleged that new facts came to light that prompted the Motion or Amended Motion. There has been no assertion that Defendant was in possession of any necessary information regarding the disputed loans/investments that was not known by Plaintiff or the proposed additional plaintiffs. Moreover, discovery has been completed. These facts implicate two of the factors that *Foman* states may negate the general presumption in favor of determinations on the merits: undue delay and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). These factors demonstrate prejudice to the Defendant, and weigh against granting the Amended Motion to amend.

Accordingly, the Amended Motion to add Tonya Nolan and Nolan Mgmt. Group, LLC as additional Plaintiffs is denied.

The Complaint does mention Nolan Consulting, LLC, a Florida limited liability company, as "[t]he entity under which Defendant made this capital contribution". [Doc. #1-2, p. 4, ¶17]. The Answer does not assert an affirmative defense that Plaintiff is not the proper party in interest. [Doc. #8]. At this time, there is no evidence that justice requires the addition of Nolan Consulting, LLC as an additional named Plaintiff. Accordingly, the Amended Motion is also denied as to

15

adding Nolan Consulting, LLC as a named Plaintiff.

This decision is not a ruling on whether any particular debt is dischargeable or non-dischargeable based on the allegations in the original Complaint. Rather, this decision is simply prohibiting Plaintiff from, at this late date, "improving" the original filing by an after-the-bar-date amendment adding new plaintiffs and new factual allegations to support non-dischargeability under 11 U.S.C. Section 523(a)(2), (4), or (6).

### C. Adding Plaintiffs And Claims For Non-Dischargeability Under Section 523(a)(19).

Section 523(a)(19) provides that a Chapter 7 discharge does not discharge an individual debtor from any debt:

(19) that –

(A) is for –

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from –

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost,

or other payment owed by the debtor; or[9]

The use of the word "and" at the end of §523(a)(19)(A)(ii) explicitly requires both subsections (A) and (B) to be met, and subparagraph (A) makes clear that section 523(a)(19) applies to debts arising from securities fraud. *In re Sklar*, 626 B.R. at 768. The Complaint alleges that "Defendant fraudulently induced Plaintiff to invest in [Nolan Family Transport] and, therefore, sold a security under both state and federal law." [Doc. #1, p. 15, ¶59].

The non-dischargeability provisions listed in Section 523(c) do not include Section 523(a)(19). Thus, unlike the amendments sought under Sections 523(a)(2), (4) and (6), non-dischargeability under Section 523(a)(19) does not have a set deadline to bring the action. *See*, Rule 4007(c) and 11 U.S.C. Section 523(c). Thus, potential Plaintiffs seeking non-dischargeability under Section 523(a)(19) are not time barred from bringing their own Complaint to determine dischargeability of debts that fall under that exception. Accordingly, the presumption to freely allow the filing of an Amended Claim under Federal Rule of Civil Procedure 15(b)(2) is not limited by a bar date.

Accordingly, because a new separate Complaint could be filed by the proposed new Plaintiffs under §523(a)(19), an amendment to the existing Complaint to include just claims under that subsection will be allowed.

While the court could – even *sua sponte* – potentially deny the amendment based upon the

---

9/ The "or" at the end of this provision is there because it is the second-to-last provision of Section 523(a). It indicates that any one of the list of subsections (a)(1) through (20) may apply – hence the next-to-last numbered dischargeability provision of §523(a) has always ended with an "or". *See*, e.g., §523(a) (1986) & (1998).

23-03056-jpg    Doc 41    FILED 07/01/25    ENTERED 07/01/25 15:46:20    Page 17 of 19

failure to state a claim that is plausible on its face under *Iqbal* and *Twombly*,[10] the court will not do so for several reasons.

First, the court is not allowing the filing of either the Supplemental or Amended Complaints filed by Plaintiff's counsel. [Docs. ##34-2 [Exhibit A – "Supplemental Complaint"] and 34-3 [Exhibit B – "Amended Complaint"]. The court acknowledges that the facts pled in support of non-dischargeability under this subsection in the proposed Supplemental/Amended Complaints consist only of: "Defendant fraudulently induced Plaintiff to invest in [Nolan Family Transport, LLC] and, therefore, sold a security under both state and federal law." [Doc. ##34-2, p. 12, ¶59; Doc. #34-3, p. 13, ¶61]. But, in filing their Amended Complaint (or, if they prefer, separate Complaint(s)) Plaintiffs can provide additional facts that would support a plausible claim under Section 523(a)(19). Again, they can do this because the §523(a)(19) claim is not time barred.

Second, the conclusory allegations stated in support of the §523(a)(19) claim in the proposed amended complaints are identical to the language in the original Complaint, which Defendant has not asserted to be inadequate. [Doc. #1-2, p. 12, ¶59]. Moreover, the pleadings filed in connection with the Amended Motion seeking leave to amend focused on other issues. If the issue of the adequacy of the pleadings is raised at some time in the future, then the parties could address that issue in a comprehensive manner after the new pleading(s) are filed. The court does not want to issue a *sua sponte* ruling based on the Supplement/Amended Complaints that could potentially affect Plaintiff's rights under the original Complaint.

Third, where the adequacy of factual pleadings has been raised under Rule 12(b)(6), and

---

10/ *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

23-03056-jpg    Doc 41    FILED 07/01/25    ENTERED 07/01/25 15:46:20    Page 18 of 19

not yet ruled upon, allowing the filing of an amendment is generally favored. *See generally*, *Energy Conversion Devices Liquidation Trust v. Trina Solar Limited*, 883 F.3d 680, 691 (6th Cir. 2016).

Accordingly, to the extent Plaintiff seeks to file an Amended Complaint to add Plaintiffs and claims under 11 U.S.C. Section 523(a)(19), the Amended Motion will be Granted.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Amended Motion for Leave to File Supplemental or Amended Complaint [Doc. #34] is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that the Amended Motion is GRANTED to allow an amendment adding additional plaintiff(s) and claim(s) based solely on 11 U.S.C. Section 523(a)(19).

**IT IS FURTHER ORDERED** that if the parties elect to file an Amended Complaint adding Plaintiffs seeking non-dischargeability under 11 U.S.C. Section 523(a)(19), that Amended Complaint shall be filed in 21 days from the date of this Order.

**IT IS FURTHER ORDERED** that this matter will be set for further pretrial hearing after the time for filing the pleading(s) permitted based on the above ruling has passed.

**IT IS SO ORDERED.**